# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BRANDON BUNKER,

        Petitioner,                 3:11-cv-00446-LRH-VPC

vs.                                      **ORDER**

JACK PALMER, *et al.*,

        Respondents.

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Petitioner has paid the filing fee for this action. (ECF No. 5).

The Court has reviewed the petition, and determines that it shall now be filed and served on respondents. A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions).

Additionally, petitioner has filed a motion for the appointment of counsel. (ECF No. 1-2). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the

1  petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See*
2  *Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

3  The petition on file in this action is well-written and sufficiently clear in presenting the issues
4  that petitioner wishes to bring.  The issues in this case are not complex.  It does appear that counsel
5  is not justified in this instance.  The motion for appointment of counsel is denied.

6  **IT IS THEREFORE ORDERED** that the Clerk shall **FILE and ELECTRONICALLY**
7  **SERVE** the petition (ECF No. 1-1) upon the respondents.

8  **IT IS FURTHER ORDERED** that respondents shall have **forty-five (45)** days from entry of
9  this order within which to answer, or otherwise respond to, the petition.  In their answer or other
10 response, respondents shall address all claims presented in the petition.  Respondents shall raise all
11 potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and
12 procedural default.  **Successive motions to dismiss will not be entertained**.  If an answer is filed,
13 respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the
14 United States District Courts under 28 U.S.C. §2254.  If an answer is filed, petitioner shall have
15 **forty-five (45) days** from the date of service of the answer to file a reply.

16 **IT IS FURTHER ORDERED** that petitioner's motion for the appointment of counsel (ECF
17 No. 1-2) is **DENIED.**

18 **IT IS FURTHER ORDERED** that, henceforth, petitioner shall serve upon the Attorney
19 General of the State of Nevada a copy of every pleading, motion, or other document he submits for
20 consideration by the Court.  Petitioner shall include with the original paper submitted for filing a
21 certificate stating the date that a true and correct copy of the document was mailed to the Attorney
22 General.  The Court may disregard any paper that does not include a certificate of service.  After
23 respondents appear in this action, petitioner shall make such service upon the particular Deputy
24 Attorney General assigned to the case.

25 Dated this 10th day of August, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

2