UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRANDON J. BUNKER,<br><br>Petitioner,<br>v.<br><br>JACK PALMER, et al.,<br><br>Respondents. | Case No. 3:11-cv-00446-MMD-WGC<br><br>ORDER |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. This matter comes before the Court on the merits of the petition.

## I.   PROCEDURAL HISTORY

On September 16, 2009, petitioner was charged with failure to stop upon signal of a police officer in the Eighth Judicial District Court for the State of Nevada, in Case No. C257971. (Exh. 1.[1]) Earlier, on April 20, 2009, petitioner was charged with possession of a stolen vehicle in the Eighth Judicial District Court for the State of Nevada, in Case No. C253642. (Exh. 2.) Petitioner negotiated the charges and agreed to plead guilty in both cases. A guilty plea agreement in Case No. C253642 was signed and filed on April 28, 2009. (Exh. 3.) A guilty plea agreement in Case No. C257971 was signed and filed on September 21, 2009. (Exh. 5.) The plea agreement in Case No.

---

[1]The exhibits referenced in this order are found in the Court's record at dkt. no. 12.

C257971 stated that petitioner would serve a sentence of ten years to life as a habitual criminal, that the sentence in Case No. C257971 would run concurrent to the sentence in Case No. C253642, and that the State would dismiss two other pending cases against petitioner. (Exh. 5.) Petitioner admitted the facts supporting the charges and was advised of his right to a direct appeal. (Exhs. 4 & 6.) At the sentencing hearing, the prosecutor submitted the required prior judgments of conviction for the stipulated habitual criminal sentence. *Id.* Petitioner was sentenced to ten years to life as a habitual criminal, with the sentence in Case No. C257971 running concurrent to the sentence in Case No. C253642. (Exh. 7.)

Petitioner did not file a direct appeal, but he did file a post-conviction habeas petition on November 3, 2010. (Exh. 8.) The state district court denied relief by order filed March 25, 2011. (Exh. 9.) The Nevada Supreme Court affirmed the denial of the post-conviction habeas petition, by order filed June 8, 2011. (Exh. 10.)

Petitioner dispatched his federal habeas petition to this Court on June 21, 2011. (Dkt. no. 8, at p. 1.) The federal petition asserts the same grounds as petitioner asserted in his post-conviction habeas petition filed in state district court. (*Compare* Exh. 8 *to* dkt. no. 8.) Respondents have filed an answer to the federal petition. (Dkt. no. 11.) Despite being given the opportunity to file a reply to the answer, petitioner has filed no reply. (*See* dkt. no. 7, at p. 2.)

## II. FEDERAL HABEAS CORPUS STANDARDS

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (*quoting Williams v. Taylor*, 529 U.S. 362, 405-406 (2000) and *citing Bell v. Cone*, 535 U.S. at 694). The formidable standard set forth in section 2254(d) reflects the view that habeas corpus is "'a guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. ___, ___, 131 S.Ct. 770, 786 (2011) (*quoting Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. at 75 (*quoting Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (*quoting Williams*, 529 U.S. at 409). In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v.*
///

*Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

In a federal habeas proceeding, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the burden set in § 2254(d) and (e) on the record that was before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1400 (2011.

### III.   DISCUSSION

#### A.   Grounds 1 & 2

Petitioner alleges that his counsel was ineffective because his advice to plead guilty was flawed. Petitioner alleges that his counsel advised him to plead guilty without conducting investigation to test the veracity of the charges against him. (Dkt. no. 8, at pp. 3-6.)

Under *Strickland v. Washington*, 466 U.S. 668 (1984), a petitioner must show, first, that counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms. *Id.* at 688-90. Second, the petitioner must demonstrate that the identified acts or omissions of counsel prejudiced his defense. He must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The application of the *Strickland* test where ineffectiveness of counsel is alleged to invalidate a plea has been defined as follows:

> [T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in *Tollett v. Henderson, supra*, and *McMann v. Richardson, supra*. The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a

reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Hill v. Lockhart, 474 U.S. 52, 58 (1985). The modified *Strickland* prejudice standard in guilty plea cases asks whether there is a probability that, but for counsel's alleged errors, defendant would not have pleaded guilty, but would have insisted on going to trial. Langford v. Day, 110 F.3d 1380, 1387 (9th Cir. 1997).

In his post-conviction state habeas petition, petitioner asserted the same claims as he asserts in Grounds 1 and 2 of the federal petition: Counsel was ineffective because his advice to plead guilty was flawed, and counsel advised him to plead guilty without conducting investigation to test the veracity of the charges against him. The Nevada Supreme Court rejected these claims, as follows:

> In his petition, filed November 3, 2010, appellant claimed that trial counsel provided ineffective assistance because counsel advised appellant to accept the negotiated guilty plea without conducting investigation or otherwise testing the veracity of the claims and because counsel did not inform him of his right to withdraw his guilty plea. Appellant failed to support these claims with specific facts that, if true, would have entitled him to relief. Hargrove v. State, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984) (holding that "bare" or "naked" claims are insufficient to grant relief). Specifically, appellant did not state what more thorough investigation would have revealed, Molina v. State, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004), or what defenses could have been raised. Further, appellant did not have a right to withdraw his guilty plea and did not claim that he asked counsel to file such a motion.

(Exh. 10, at pp. 1-2.) The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Conclusory allegations will not overcome the presumption that the state court's findings are correct. Bragg v. Galaza, 242 F.3d 1082, 1087 (9th Cir. 2000). Petitioner has not shown a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty, but would have insisted on going to trial. Petitioner has failed to demonstrate that his counsel's performance was deficient or that he was prejudiced under *Strickland*. Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the

facts in light of the evidence presented in the state court proceeding. This Court denies federal habeas relief as to Grounds 1 and 2 of the petition.

### B.   Ground 3

Petitioner alleges that his counsel was ineffective for failing to inform him of his right to appeal. (Dkt. no. 8, at p. 7.) Petitioner made this same argument in his post-conviction state habeas petition, which the Nevada Supreme Court rejected as follows:

> Next, appellant claimed that trial counsel provided ineffective assistance because counsel failed to inform him of his right to appeal. Although appellant had a right to appeal, he did not claim that he requested an appeal nor did he demonstrate the existence of any potentially valid direct appeal claims. Thomas v. State, 115 Nev. 148, 150, 979 P.2d 222, 223 (1999); see also Roe v. Flores-Ortega, 528 U.S. 470, 479-80 (2000). Moreover, we note that appellant signed the guilty plea agreement, which informed him of his limited rights of appeal. We therefore conclude that the district court did not err in denying these claims.

(Exh. 10, at p. 2.) The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Conclusory allegations will not overcome the presumption that the state court's findings are correct. *Bragg*, 242 F.3d at 1087. Petitioner's claim that he was not informed of his right to appeal is belied by the state court record, because the plea agreement explicitly informed him of his limited right to a direct appeal. (Exh. 5, at p. 4.) Petitioner has failed to demonstrate that his counsel's performance was deficient or that he was prejudiced under *Strickland*. Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Federal habeas relief is denied as to Ground 3 of the petition.

### C.   Ground 4

Petitioner alleges that his due process rights were violated when the state district court sentenced him as a habitual criminal based on the parties' stipulation. (Dkt. no. 8, at p. 9.) Respondents assert that the claim raised in Ground 4 is procedurally barred from review by this Court because the claim was procedurally defaulted in state court.

### 1. Procedural Default Principles

In *Coleman v. Thompson*, 501 U.S. 722 (1991), the United States Supreme Court held that a state prisoner's failure to comply with the state's procedural requirements in presenting his claims is barred from obtaining a writ of habeas corpus in federal court by the adequate and independent state ground doctrine. *Coleman*, 501 U.S. at 731-32 ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for the denial of habeas corpus relief, the default may be excused only "if a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

A state procedural bar is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)); *see also King v. Lamarque*, 464 F.3d 963, 966-67 (9th Cir. 2006). A state procedural bar is "independent" if the state court "explicitly invokes the procedural rule as a separate basis for its decision." *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003). A state court's decision is not "independent" if the application of the state's default rule depends on the consideration of federal law. *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000); *see also Coleman*, 501 U.S. at 735 (there is no independent state ground for a state court's application of procedural bar when the court's reasoning rests primarily on federal law or is interwoven with federal law).

///
///
///

### 2. Ground 4 of the Federal Petition Was Procedural Defaulted in State Court on Independent and Adequate State Grounds.

In Ground 4 of the federal petition, petitioner alleges that his due process rights were violated when the state district court sentenced him as a habitual criminal based on the parties' stipulation. (Dkt. no. 8, at p. 9.) Petitioner raised this same claim in his post-conviction habeas petition filed in state court. (Exhibit 8, at p. 11.) The state district court applied the procedural bar of NRS 34.810(1)(a) to the claim, "because the only issues that a petitioner may raise in a post-conviction petition are (1) challenges to the validity of a guilty plea; and (2) claims of ineffective assistance of counsel." (Exhibit 9, at p. 5.) The Nevada Supreme Court found that this claim was barred, as follows:

> Appellant also claimed that his due process rights were violated because the district court sentenced him as a habitual criminal based solely on appellant's stipulation to that status. Appellant's claim was outside the scope of those permissible in a post-judgment petition for writ of habeas corpus challenging a judgment of conviction based on a guilty plea. See NRS 34.810(1)(a). We therefore conclude that the district court did not err in denying this claim.

(Exh. 10, at p. 2.) The Ninth Circuit has held that the Nevada Supreme Court consistently applies the procedural bar set forth in NRS 34.810. *Vang v. Nevada*, 329 F.3d at 1074; *Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999). In the instant case, this Court finds that the Nevada Supreme Court's application of the procedural bar of NRS 34.810 constituted an independent and adequate ground for the court's dismissal of petitioner's claim. Because Ground 4 of the federal habeas petition asserts the same claim made in the procedurally defaulted state court habeas claim, Ground 4 is procedurally barred and is subject to dismissal with prejudice unless petitioner can show cause and prejudice to excuse the procedural bar, or that failure to consider the defaulted claim will result in a fundamental miscarriage of justice.

### 3. Cause and Prejudice/Fundamental Miscarriage of Justice

To overcome a claim that was procedural defaulted in state court, a petitioner must establish either (1) cause for the default and prejudice attributable thereto or (2)

///

that failure to consider the defaulted claims will result in a "fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989) (citations omitted).

To prove a "fundamental miscarriage of justice," petitioner must show that the constitutional error of which he complains "has probably resulted in the conviction of one who is actually innocent." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (*citing Murray v. Carrier*, 477 U.S. at 496). "Actual innocence" is established when, in light of all of the evidence, "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Id.* at 623 (*quoting Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id.* Petitioner can make a showing of "actual innocence" by presenting the court with new evidence which raises a sufficient doubt as "to undermine confidence in the result of the trial." *Schlup v. Delo*, 513 U.S. at 324.

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McClesky v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170 (1982). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

In this case, petitioner has not made a showing that this Court's failure to consider the procedurally defaulted claim will result in a fundamental miscarriage of justice. Petitioner also has not shown cause and prejudice to excuse the procedural default. This Court finds that the claim raised in Ground 4 of the federal petition was

procedurally defaulted in state court, and petitioner has failed to show either a fundamental miscarriage of justice, or cause and prejudice to excuse the procedural default. As such, Ground 4 is barred from review by this Court and shall be dismissed with prejudice.

### D.     Ground 5

Petitioner alleges that he was deprived of the effective assistance of counsel due to the cumulative effect of his counsel's errors. (Dkt. no. 8, at p. 11.) To the extent that cumulative error may be grounds for federal habeas relief, the Ninth Circuit has announced that: "[T]he combined effect of multiple trial court errors violates due process where it renders the resulting criminal trial fundamentally unfair." *Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007). This Court has reviewed the state court record and the pleadings filed by the parties. As discussed earlier in this order, petitioner has failed to demonstrate that his counsel's performance was deficient or that he was prejudiced under *Strickland*. Petitioner has not demonstrated that cumulative errors of counsel occurred. As such, this Court denies habeas relief with respect to Ground 5.

## IV.    CERTIFICATE OF APPEALABILITY

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006); see also *United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable

among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this Court's denial of the petition debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

## V.     CONCLUSION

It is therefore ordered that petition for a writ of habeas corpus is denied in its entirety.

It is further ordered that petitioner is denied a certificate of appealability.

It is further ordered that the Clerk of Court shall enter judgment accordingly.

DATED THIS 7th day of July 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE